UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stewart Jones,

      Petitioner,

      v.                                      Civil Action No. 2:11-CV-209

Andrew Pallito, Commissioner,
Vermont Department of Corrections,

      Respondent.

## REPORT AND RECOMMENDATION
(Docs. 5 and 9)

Petitioner Stewart Jones, a Vermont inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.) Jones is currently serving a state court sentence of ten to twenty-four years, having pled guilty to a kidnapping charge. His current petition alleges a series of constitutional violations, including denial of due process; ineffective assistance of counsel; prosecutorial misconduct; and judicial misconduct. He also alleges that the evidence against him was insufficient.

Respondent has moved to dismiss the petition without prejudice, arguing that Jones failed to exhaust his claims in state court. (Doc. 9.) For the reasons set forth below, I recommend that the motion to dismiss be GRANTED, that Jones's petition for writ of habeas corpus be DENIED, and that this case be DISMISSED without prejudice.

## Factual and Procedural Background

In February 1997, two perpetrators entered the home of an elderly couple in Royalton, Vermont, restrained the inhabitants with duct tape and an electrical cord, and burglarized the house. The crime went unsolved for nearly ten years. In May 2006, the State of Vermont charged Jones and another man with two counts of kidnapping in violation of 13 V.S.A. § 2405(a)(1)(E). Jones was arrested in March 2007.

In May 2007, Jones entered into a plea agreement. Pursuant to the agreement, the State amended the kidnapping charges and instead charged Jones with one count of burglary in violation of 13 V.S.A. § 1201 and two counts of unlawful restraint in violation of 13 V.S.A. § 2406(a)(3). At the change of plea hearing, the State conceded that it would have filed the burglary and unlawful restraint charges initially, but because of the applicable statutes of limitations, it was compelled to charge Jones with kidnapping.

As part of the plea agreement, Jones waived "'any statute of limitations claim that might apply to these charges.'" *In re Stewart Jones*, 989 A.2d 482, 483 (Vt. 2009). He was subsequently sentenced to eighteen to twenty years to serve on the burglary charge and a concurrent one-to-five year sentence on the unlawful restraint charges. After he moved the sentencing court to reconsider, the court lowered his burglary sentence to fourteen to twenty-two years.

In March 2008, Jones filed a petition for post-conviction review in Windsor Superior Court, claiming that the charges of burglary and unlawful restraint were not filed prior the expiration of the relevant statutes of limitations. In November 2008, the superior court granted Jones's petition, vacated his convictions and reinstated the kidnapping

charge. The superior court also issued a stay pending appeal, which was lifted by the Vermont Supreme Court. *In re Stewart Jones*, 973 A.2d 1198, 1201-02 (Vt. 2009). In a separate opinion, the Vermont Supreme Court affirmed the superior court's ruling on the limitations question, holding that the language in Vermont's statutes of limitations was mandatory, and that the limitations periods thus could not be waived. *In re Stewart Jones*, 989 A.2d at 485.[1]

The criminal prosecution was subsequently re-opened on the kidnapping charge. The defense moved to dismiss, arguing that the State could not prove Jones was involved in the crime. The motion also argued that the conduct alleged did not constitute kidnapping since the restraint was not for a substantial period of time, and was incidental to the burglary. (Doc. 9-8 at 8.) The motion to dismiss was denied. In December 2009, Jones entered a conditional guilty plea, specifically reserving the right to appeal the denial of the motion to dismiss. (Doc. 9-8 at 33.) He was sentenced to ten to twenty-four years in prison, and filed a timely notice of appeal.

In August 2010, Mr. Jones filed his appellate brief with the Vermont Supreme Court. The brief set forth a single issue for review: "[w]hether the restraining of the occupant victims of a burglary of an occupied dwelling supports the separate charge of kidnapping." (Doc. 9-7 at 2.) Jones subsequently filed a supplemental brief *pro se*, in which he argued (1) that restraining the occupants of a dwelling does not support a separate charge of kidnapping, and (2) that the kidnapping charge was barred by the applicable statute of limitations. (Doc. 9-9 at 3.) In its responsive brief, the State argued that the

---

[1] The Vermont Legislature has since amended its limitations statutes to allow for waivers. *See* 13 V.S.A. § 4503(b).

offense constituted a kidnapping because the restraint continued after Jones and his accomplice fled the scene. (Doc. 9-10 at 7.)

The Vermont Supreme Court affirmed the lower court's ruling on the motion to dismiss. Citing Vermont law, the court noted that whether confinement constitutes a kidnapping depends not only upon the duration of the confinement, but also upon qualitative factors. Those factors include whether the detention increased the dangerousness of the defendant's behavior, or created a significant danger to the victims. *State v. Jones*, 2011 WL 3622118 (Vt. Aug. 20, 2011) (citations omitted). The court concluded that, in this case, Jones's behavior during the burglary constituted a kidnapping:

> Binding the limbs of the victims and firing a gun near one of them significantly increased the dangerousness and undesirability of defendant's burglary. This is well illustrated by the tableau of [the male victim] standing in the middle of a state highway with his hands bound seeking help for himself and his wife. Neither the restraint, nor defendant's gunplay was necessary to carry out the burglary, and we reject defendant's assertion to the contrary. Indeed, the restraint of this couple commenced upon completion of the burglary, and continued after defendant left the scene. The restraint created a danger independent of the risk posed by burglars entering an occupied home intent on theft. The burglary was an offense separate from the kidnapping. Reciprocally, and considering the qualitative factors surrounding the restraint, we agree with the trial court that the period of the victims' confinement was sufficiently "substantial" to support an independent kidnapping conviction under 13 V.S.A. § 2405(a)(1)(E).

*Id.* The court also ruled in a footnote that there was no statute-of-limitations issue because, under Vermont law, prosecutions for kidnapping "'may be commenced at any time after the commission of the offense.'" *Id.* at n.* (quoting 13 V.S.A. § 4501(a)).

The Vermont Supreme Court issued its ruling on August 10, 2011. Jones filed his § 2254 petition in this Court on August 30, 2011. The petition alleges, in general fashion: due process violations; ineffective assistance of counsel; prosecutorial misconduct;

4

judicial misconduct; and insufficient evidence. Jones offers few specific facts to support these claims. He contends that the state "delayed process" in his case, and references the fact that his collateral proceedings and direct appeal spanned several years. Jones also claims that had he been provided effective assistance of counsel, his "case would not [have gone] back and forth since May 2006." (Doc. 5 at 4.) Anticipating an exhaustion argument, Jones further submits that "inordinate delay" can excuse the federal habeas statute's exhaustion requirement.

Respondent argues that the petition lacks the necessary factual support, that it contains a mix of exhausted and unexhausted claims, and that this Court should dismiss without prejudice because Jones failed to exhaust his claims in the state courts.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2254, provides that a prisoner must exhaust his available state remedies before a federal court may consider his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Georgison v. Donelli*, 588 F.3d 145 (2d Cir. 2009). To exhaust his state court remedies, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal court to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (quotation marks and citations omitted). The exhaustion requirement is based upon "interests of comity and federalism [which] dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

A petitioner need not first seek state habeas review before submitting a petition under § 2254, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), but a complete review of his federal claims, by means of either a direct appeal or collateral review, is a prerequisite. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000) (noting that a state habeas petitioner "must first have presented his claim to the highest court of the state"). Furthermore, in the event a petitioner has not exhausted his state remedies, the federal court must decide whether his claims should be "deemed exhausted" because they are "procedurally barred under state law." *Ramirez v. Attorney Gen. of New York*, 280 F.3d 87, 94 (2d Cir. 2001). The burden of proving exhaustion lies with the petitioner. *See Lopez v. Unger*, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30, 2010) (citing *Colon v. Johnson*, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998)).

In this case, Jones has failed to demonstrate exhaustion. He accurately notes that his criminal case has been before the Vermont Supreme Court on three separate occasions. Nonetheless, the record demonstrates that his current arguments – due process, ineffective assistance of counsel, etc. – were never raised at the state court level. The first appeal to the Vermont Supreme Court pertained to a stay pending appeal. The second addressed a statute of limitations issue, on which Jones prevailed. The third, as discussed above, determined whether the conduct to which Jones pled guilty satisfied the requirements for kidnapping under Vermont law.

Construing Jones's *pro se* petition liberally, as this Court is required to do, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), he may be arguing that his final appeal involved broad federal issues such as due process or ineffective assistance of counsel.

6

However, in order to exhaust a federal claim in state court, that claim must be "fairly presented" in such a way that the state has "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011). While a state petitioner is not required to cite "chapter and verse of the Constitution" he must present his challenge "in terms that are likely to alert the state courts to the claim's federal nature." *Carvajal*, 633 F.3d at 104 (citations omitted). This requirement may be satisfied by:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in fact like situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Id.* (citing *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 194 (2d Cir. 1982)). "A federal constitutional claim has not been fairly presented to the State courts unless the petitioner has informed those courts of 'all of the essential factual allegations' and 'essentially the same legal doctrine he asserts in his federal petition.'" *Strogov v. Attorney Gen. of New York* 191 F.3d 188, 191 (2d Cir.1999) (quoting *Daye*, 696 F.2d at 191-92).

In his latest appellate brief before the Vermont Supreme Court, Jones did not raise any federal constitutional issues. Instead, the focus of the appeal was Vermont's kidnapping law. The brief did cite two federal cases, but only show that burglary in a domicile has been treated as a violent crime under federal law. (Doc. 9-7 at 9.) Similarly, neither of Jones's prior appeals raised any federal claims. Accordingly, Jones did not "fairly present" his current claims to the Vermont Supreme Court.

Respondent argues that Jones's filing constitutes a "mixed petition," meaning that

7

the petition contains a mix of exhausted and unexhausted claims. However, it is not clear from either Jones's filings or Respondent's briefs which claims may have been exhausted. Jones's opposition memorandum contends that his kidnapping conviction constituted double jeopardy. This claim was never raised before the Vermont Supreme Court. His petition and opposition memorandum also contest the sufficiency of the evidence. This claim, too, is unexhausted. Although Jones cites the Vermont Supreme Court's ruling on the kidnapping statute's limitations period, (Doc. 14 at 3-4), it is not clear whether he is bringing a habeas corpus challenge to that court's interpretation. If he is, the Court will note the statute of limitations issue centered entirely on state law, and that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Even assuming that the current petition is a "mixed petition," the Court should dismiss without prejudice for failure to exhaust. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Court must first consider, however, whether such dismissal would effectively bar Jones from returning to federal court once he has exhausted his claims in the state court. A pending federal habeas petition does not toll the AEDPA's one-year limitations period. The Second Circuit has therefore directed district courts not to dismiss a mixed petition if an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001); *see also Rhines*, 544 U.S. at 277-78 (holding that district court can "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.").

Here, the AEDPA statute of limitations is not a concern. The Vermont Supreme Court issued its latest ruling on August 10, 2011. The AEDPA's one-year limitations period runs from the date on which the petitioner's state criminal judgment becomes final. *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)(A)); *accord, e.g., Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000). A conviction is considered final "once 'the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for certiorari . . . elapsed.'" *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (quoting *Teague v. Lane*, 489 U.S. 288, 295 (1989)). Jones had ninety (90) days in which to file a petition seeking a writ of certiorari. *McKinney*, 326 F.3d at 96 (citing Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). There is no indication in the record that he petitioned for such a writ. Accordingly, his conviction became final on or about November 8, 2011, and his AEDPA limitations period expires in November 2012.

If this case is dismissed without prejudice, a properly-filed state court collateral petition "shall not be counted toward any period of limitation" under AEDPA. 28 U.S.C. § 2244(d)(2). Therefore, Jones should be able to seek collateral relief in state court and, if unsuccessful, return to this Court with his exhausted federal claims without running afoul of the AEDPA limitations period. Accordingly, and assuming either a mixed petition or a

completely unexhausted petition, dismissal without prejudice is appropriate.[2]

Respondent does not argue that Jones's claims are procedurally barred in state court, and there is no indication in the record that further efforts in state court would be futile. *See Ramirez*, 280 F.3d at 94. I therefore recommend that Jones's petition be DISMISSED without prejudice because he has not yet exhausted his state court remedies.[3]

## **Conclusion**

For the reasons set forth above, I recommend that Respondent's motion to dismiss (Doc. 9) be GRANTED, Jones's petition for a writ of habeas corpus (Doc. 5) be DENIED, and that this case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 10th day of April, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

---

[2] The Court also notes that Jones has not demonstrated cause for a stay of any exhausted claims. *See Rhines*, 544 U.S. at 277. His petition argues that a stay may issue when a petitioner shows "reasonable confusion about whether a State fil[]ing would be timely." (Doc. 5 at 5.) Jones does not explain, however, how his alleged "reasonable confusion" impacts either the exhaustion or the AEDPA limitations analyses in this case.

[3] A petition dismissed for failure to exhaust state court remedies does not count for the purpose of determining whether a future petition is second or successive. *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996) (no "second or successive" petition within the meaning of 28 U.S.C. § 2244 where earlier petition dismissed without prejudice for failing to exhaust state remedies).